

MPP/BAM/KSP: USAO 2026R00272

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *    CRIMINAL NO. JKB 26cr197 |
| v. | * |
| | *    (Ports & Waterways Safety Act – Failure to |
| KARTHIKEYAN | *    Report a Hazardous Condition, 46 U.S.C. |
| DEENADAYALAN, | *    § 70036(b); Aiding & Abetting, 18 U.S.C. |
| | *    § 2) |
| Defendant | * |
| | * |
| | * |
| | * |

*****

USDC- BALTIMORE
'26 JUN 15 PM3:01

## INFORMATION

The United States Attorney for the District of Maryland alleges that:

### COUNT ONE
### (Port & Waterways Safety Act)

At all times relevant to this Information:

1. The *Motor Vessel Dali* ("*M/V Dali*") was a 984-foot, 95,128 gross ton foreign flagged container ship registered in Singapore. The *M/V Dali* transported commercial cargo internationally and into and out of ports in the United States, including the Port of Baltimore.

2. On March 26, 2024, the *M/V Dali* struck the Francis Scott Key Bridge in Baltimore, causing the destruction of the bridge and the death of six construction workers.

3. The *M/V Dali* struck the Key Bridge because the vessel lost power twice in a roughly four-minute span prior to striking the bridge. The first blackout was likely caused by a loose wire in the high-voltage switchboard. The second blackout occurred because the *M/V Dali* relied on a non-redundant flushing pump to supply fuel to two of the ship's four generators.

1

4.      **KARTHIKEYAN DEENADAYALAN** ("**DEENADAYALAN**") was the Chief Engineer aboard the *M/V Dali* from in or around the end of January 2024 through the allision.

### The Ports & Waterways Safety Act

5.      Congress enacted the Ports and Waterways Safety Act ("PWSA"), 46 U.S.C. §§ 70011 *et seq.*, because increased supervision of vessel and port operations was necessary to reduce the possibility of vessel or cargo loss, or damage to life, property, or the marine environment. 33 U.S.C. § 1221(c)(l). Pursuant to 46 U.S.C. § 70036(b)(l), a person violated the PWSA if the person willfully and knowingly violated a regulation promulgated under the PWSA.

6.      Federal regulations authorized pursuant to the PWSA required the owner, agent, master, operator, or other person in charge of a vessel to immediately notify the nearest U.S. Coast Guard Sector office whenever there is a hazardous condition, either aboard a vessel or caused by the vessel or its operation. 33 C.F.R. § 160.216.

7.      Federal regulations defined a "hazardous condition" as "any condition that may adversely affect the safety of any vessel, bridge, structure, or shore area or the environmental quality of any port, harbor, or navigable waterway of the United States. It may, but need not, involve collision, allision, fire, explosion, grounding, leaking, damage, injury or illness of a person aboard, or manning shortage." 33 C.F.R. § 160.202.

### THE CHARGE

8.      On or about March 23, 2024, in the Port of Baltimore and within the District of Maryland, the defendant,

### KARTHIKEYAN DEENADAYALAN,

knowingly and willfully failed and caused the failure to immediately notify U.S. Coast Guard that a hazardous condition existed aboard the *M/V Dali* that may have adversely affected the safety of

2

the vessel, as well as bridges, structures, and shore area, and the environmental quality of ports, harbors, and navigable waterways of the United States.  Specifically, the defendant willfully and knowingly failed to notify the U.S. Coast Guard (1) that the redundant supply and booster pumps designed to provide fuel for generators 3 and 4 were not being used; and (2) that a non-redundant flushing pump was being used as the continuous fuel supply pump for generators 3 and 4.

46 U.S.C. § 70036(b)(1)
18 U.S.C. § 2


_____
Kelly O. Hayes
United States Attorney



Date: 6/15/26
_____

_____
for: Adam R. F. Gustafson
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division


Date: 6/15/2026
_____

3