**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. JKB-26-197 |
| KARTHIKEYAN DEENADAYALAN | |
| Defendant. | |

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO TRAVEL OVERSEAS

Defendant Karthikeyan Deenadayalan, by his undersigned counsel, hereby seeks leave of the Court to travel to his home in India for the period from approximately September 23, 2026, through October 19, 2026,[1] and in support thereof states the following:

1. Defendant was the chief engineer on the M/V Dali at the time of the vessel's allision with the Francis Scott Key Bridge on March 26, 2024. On June 15, 2026, the government charged defendant by Information with a violation of the Ports and Waterways Safety Act, 42 U.S.C. § 70036(b). ECF 1. The government and defendant have entered into a Deferred Prosecution Agreement (DPA). ECF 17. Under the terms of the DPA, prosecution of the conduct in the Information shall be deferred for 36 months provided that defendant complies with the terms of the DPA, and at the end of that period the government will dismiss the Information and seek no further prosecution for the offenses specified therein or any other crime arising out of the allision. *Id*. ¶¶ 2, 5.

---

[1] Defendant expects to return a few days prior to October 19, but counsel has added a few days to the expected return date to account for possible travel delays. A precise expected itinerary will be provided to Pretrial Services after airline tickets are procured.

2. Under this Court's Order Setting Conditions of Defendant's Release, ECF 16, Defendant is required to report on a regular basis to Pretrial Services, and Defendant "shall not depart the United States without the permission of his pretrial services officer." *Id.* ¶ 8(w).

3. Defendant is a citizen and lifelong resident of India who lives in Chennai, Tamil Nadu. He owns an apartment in Chennai where he resides with his wife and two minor children, ages 9 and 13, and with his mother and sister. Defendant has been effectively detained in the United States since the allision, and he has not been home since January 25, 2024, approximately two and a half years ago, when he began his service on the Dali.

4. Defendant's effective detention in the United States has been pursuant to an "Agreement on Security" entered into between the United States and the Dali's owner (Grace Ocean Private Limited) and manager (Synergy Marine PTE Ltd.). Ex. 1. Although defendant is not a direct party to the Security Agreement, the Agreement provides that the owner and manager will take steps to ensure that defendant and other crew members remain in the United States until released by the government. Those steps include requesting that defendant surrender his passport to the owner's and manager's third-party agent, and requiring that the government be given 72 hours' notice of any request by the defendant for return of his passport. *Id.* ¶ 5.

5. Defendant duly surrendered his passport after the parties executed the Security Agreement in June 2024, and he has not had sole possession of his passport since that time (the agent has occasionally provided the passport to defendant in the agent's presence to satisfy an identification requirement imposed by a bank or other institution). Defendant's passport remains with the agent. If the Court grants this motion, defendant will request that the agent provide him with possession of his passport for the period of

his travel. Defendant will re-surrender the passport to the agent upon his return to the United States.

6. Although defendant's wife and children have visited him twice during his detention in the United States, defendant has not seen his mother or other family members (other than a sister) in two and a half years. Defendant's cousin, who grew up with defendant and was effectively a brother to him, died last year and defendant has not been able to pay his respects. Defendant has missed numerous celebrations and milestones for family members, including his children's birthdays. (Defendant's proposed trip is planned to coincide with a school break for his children so he can spend time with them.) He has missed innumerable religious ceremonies during his detention in the United States. Defendant also needs to attend to business issues that have arisen, including a challenge to the title to the apartment-home where his family resides.

7. Defendant has been a law-abiding and compliant resident of the United States since the allision. Other than the charge set forth in the Information, defendant has no criminal record. Defendant understands that he faces severe consequences should he fail to return to the United States in accordance with his planned itinerary. Failing to return would constitute a breach of his DPA and would allow the government to prosecute him for the conduct charged or for more serious charges. Defendant further understands that failing to return would subject him to extradition efforts by the United States, and/or to arrest at any place in the world that has an extradition treaty with the United States—a severe impediment for a commercial mariner.

8. Defendant has complied with his reporting and other requirements imposed by Pretrial Services. He has provided Pretrial Services with his contact information in the

United States and in India and with ample other information about his family, his employment, and his financial circumstances.

9. Pretrial Services Officer Adam Smith has represented to undersigned counsel that he does not oppose this request so long as he receives defendant's specific travel itinerary prior to Defendant's departure.

10.    Assistant United States Attorney Matthew Phelps has informed undersigned counsel that the government does not oppose this request, so long as Defendant otherwise complies with the Release Order and the DPA.

WHEREFORE, defendant Karthikeyan Deenadayalan respectfully requests that the Court allow him to travel to India during the approximate period from September 23, 2026 through and including October 19, 2026, on the condition that defendant provide his specific expected itinerary to Pretrial Services before he departs.

Dated: July 22, 2026

Respectfully submitted,

ZUCKERMAN SPAEDER LLP

By:  /s/ *Gregg L. Bernstein*
    Gregg L. Bernstein (#01340)
    John J. Connolly (#09537)

100 E. Pratt St., Suite 2440
Baltimore, Maryland 21202
410 332 0444 (T)
410 659 0436 (F)
gbernstein@zuckerman.com
jconnolly@zuckerman.com

*Attorneys for Defendant*
*Karthikeyan Deenadayalan*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July, 2026, I caused copies of the foregoing document to be served through the ECF system on all registered counsel of record.

        */s/ John J. Connolly*
        John J. Connolly (09537)